HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES J O'HAGAN,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. C19-6205RBL

ORDER

THIS MATTER is before the Court on Petitioner (or Plaintiff) O'Hagan's Motion for Leave to proceed in forma pauperis. O'Hagen claims he makes $24,0000 per year and has assets of $100,000. It does not appear that he is in custody, at least not anymore. Nevertheless, attached to his application is a "Proposed Petition for Relief from Bondage" addressed to this Court, the Washington Supreme Court, and the Pacific County Superior Court. O'Hagen also attaches what appears to be a prior "Third Habeas petition" filed in the Supreme Court, a 2002 Bankruptcy Order regarding a debtor against whom O'Hagen apparently had a claim (Kelley), and a transcript of a bankruptcy hearing in that adversary proceeding.

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), aff'd, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no

arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

O'Hagen's proposed filing does not meet this standard. First, it does not appear that he is indigent, he has assets and the ability to borrow capital to operate his farm. More importantly, O'Hagen has filed to state a plausible claim against any defendant, for anything. His filings relate to long-since complete bankruptcy proceeding, and two efforts to obtain habeas or similar relief in the form of release from prison. But O'Hagen has already been released. If he is seeking to file what would apparently be a fourth habeas petition, he would have to obtain permission from the 9th Circuit.

If he is seeking to sue some person or entity for something, he must identify the defendant(s), what they did, the claim, the basis for this Court's jurisdiction over the claim and the parties, and describe a factual story—the "who, what, when, where, why, and how"—

supporting a plausible claim for relief in this Court. O'Hagen's current filing does none of these things, and his Motion for leave to proceed in forma pauperis is DENIED. He shall pay the filing fee or file a proposed amended complaint within **21 days** of this Order, or the matter will be dismissed without further notice. Any revised filing should address first, whether O'Hagen is indigent as described above. Any proposed amended complaint must address the deficiencies outlined above. Who are you suing, for what, and what do you want the Court to do? Why is it proper to bring the action in this Court?

IT IS SO ORDERED.

Dated this 20th day of December, 2019.

Ronald B. Leighton
United States District Judge